United States District Court
Southern District of Texas
**ENTERED**
August 24, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| BENJAMIN A., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:25-CV-00045 |
| | § | |
| FRANK BISIGNANO, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court are the parties' construed cross-motions for summary judgment (D.E. 7, 10). On July 17, 2026, United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation (M&R, D.E. 11), recommending that Plaintiff's motion (D.E. 7) be denied, Defendant's motion (D.E. 10) be granted, the Administrative Law Judge's (ALJ's) decision be affirmed, and this case be dismissed. Plaintiff timely filed his objections (D.E. 12) on July 31, 2026.

In a prefatory paragraph, Plaintiff "requests that this Court carefully review the arguments set forth in Plaintiff's Statement of Specific Errors in addition to the arguments presented herein." D.E. 12, p. 2. There is no indication what the "Statement of Specific Errors" is or where it can be found. And the Court does not permit arguments made at other stages of the proceedings to be incorporated by reference. Because such a presentation does not point out with particularity any error in the Magistrate Judge's analysis, it does not constitute a proper objection and will not be considered. Fed. R. Civ. P. 72(b)(2); *Malacara*

*v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de novo review is not invoked when a petitioner merely re-urges arguments contained in the original petition). Because this request is not sufficient to invoke review and does not address the basis for the Magistrate Judge's recommendation, the prefatory collective objection is **OVERRULED**.

The only fully-briefed objection, labeled as "Objection 1," complains that the Magistrate Judge erred in failing to hold that the ALJ violated 20 C.F.R. § 404.1520c in rejecting that part of Dr. Wooley's medical opinion that placed greater restrictions on Plaintiff's Residual Functional Capacity (RFC). D.E. 12, p. 2. Section 404.1520c(b)(2) provides, "we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in your determination or decision." Supportability addresses the relevance of the objective medical evidence and explanations provided by the healthcare source. § 404.1520c(1). Consistency addresses how well the healthcare source's findings and opinions fit with other medical and nonmedical sources. § 404.1520c(c)(2).

Both the ALJ and the Magistrate Judge considered all of the extensive medical evidence offered, which covers multiple healthcare visits with multiple providers over a four-year time span. D.E. 5-3, pp. 110-13; D.E. 11, pp. 2-28. That evidence documents substantial fluctuations in Plaintiff's condition, correlating to his varying compliance with medication and desire to improve. With respect to Dr. Wooley's opinion, the ALJ explained:

> Dr. Wooley's opinion that the claimant has poor ability to perform in all the part 'B' functional areas is unpersuasive, unsupported, and inconsistent with the objective findings as described, the conservative nature of treatment received, and State agency psychological consultants' opinions. The claimant has managed his own care and is usually cooperative with treatment. He is noted to have average intelligence and a good fund of knowledge. His activities of daily living involve assisting his aunt with her home. He performs household chores and is responsible for his own finances. His statements to providers indicate he is assisting his aunt with homecare and home remodeling.

D.E. 5-3, p. 117.

The only authority Plaintiff cites to support his objection is § 404.1520c. Nothing in that section specifies the exact nature of the explanation of persuasiveness that is required, only that an explanation must be set out that addresses supportability and consistency. The above paragraph is explanatory. And it addresses the uncomfortable fit between Dr. Wooley's opinions and the relevant medical evidence and other opinions in the record that the ALJ found more persuasive. This represents the issues of supportability and consistency.

The ALJ's conclusions are based on the ALJ's recitation of evidence in summary form. This evidence addresses Plaintiff's demonstrated ability to function with respect to his own healthcare treatment and with tasks related to daily living. Plaintiff recognizes that, "It is understood that it does not make sense for the ALJ to reiterate earlier statements when evaluating opinion evidence." D.E. 12, p. 3. At the same time, Plaintiff treats the summary explanation as insufficient, stating that the ALJ sent the Magistrate Judge on a "scavenger hunt to guess as to which evidence was unsupportive of Dr. Wooley's opinions." *Id.*

The Court disagrees. The explanation was there. The "scavenger hunt" is required only to address a different issue: whether the explanation is supported by substantial evidence. Without authority requiring a more specific level of detail or cross-referencing in the explanation, the Court cannot fault the ALJ or the Magistrate Judge in their approach to this explanation regarding Dr. Wooley's opinion, or find a violation of the requirement for an explanation in § 404.1520c.

The Magistrate Judge went further to determine whether the explanation's conclusions were supported by substantial evidence. Plaintiff's objections do not challenge the Magistrate Judge's conclusion that the ALJ's decision is so supported. At the same time, Plaintiff lists portions of the evidence that tend to support Dr. Wooley's opinions of reduced RFC so as to discredit the ALJ's conclusion. But this approach is inconsistent with the Court's standard of review. The Court does not reweigh the evidence and make an independent decision regarding RFC. *Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012); *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). And whether there is some contrary evidence does not affect whether the ALJ provided the necessary explanation regarding Dr. Wooley's opinion.

Plaintiff has not demonstrated any error in the Magistrate Judge's application of the § 404.1520c legal standards. The objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo

disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Plaintiff's motion for summary judgment (D.E. 7) is **DENIED**, Defendant's motion for summary judgment (D.E. 10) is **GRANTED**, and the ALJ's decision is **AFFIRMED**. This action is, therefore, **DISMISSED**.

**ORDERED** on August 24, 2026.

Nelva Gonzales Ramos

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE